**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 08-cv-192-JLK-BNB

SNOW PERFORMANCE, INC.,

                                             Plaintiff,

v.

DANIEL LABONTE, an individual
LABONTE MOTORSPORTS, L.L.C., a Virginia limited liability company
LABONTE MOTORSPORTS, L.L.C., an Illinois limited liability company

                                             Defendants.

**ORDER**

Kane, J.

      This matter is before the Court after considerable jockeying for position in state and federal courts both here and in Illinois. Labonte initiated the original action between the parties in the United States District Court for the Northern District of Illinois, asserting claims for breach of contract against Snow Performance arising out of a series of agreements between them related to the purchase and sale of Labonte products. In response, Snow Performance commenced a related action in state court in El Paso County, Colorado, seeking to enforce certain non-compete and confidentiality agreements it claims Daniel Labonte signed as part of their business dealings and seeking remedies in equity and at law for Labonte's alleged violations of those agreements. On the basis of diversity jurisdiction, Labonte removed the state court action to federal court on behalf of

-1-

himself and his co-defendants, Labonte Motorsports LLC.

Citing the first-filed status of the action already pending between the parties in the Illinois federal court, I stayed this action and ordered Snow Performance to show cause why it should not be transferred to Illinois. Rather than address the merits of the transfer question, Snow Performance focused its entire Response to the issue of removal, asserting I lacked subject-matter jurisdiction over the El Paso County action because Labonte's Notice of Removal failed, on its face, to substantiate the $75,000 amount-in-controversy prerequisite for removal jurisdiction under 28 U.S.C. § 1446(a) and § 1332. *See* Response (Doc. 15). I treated the Response as a Motion to Remand the case to El Pase County for lack of removal jurisdiction, and ordered briefing.

While the Motion for Remand was pending, the Illinois Court issued its ruling granting Snow Performance's Rule 12(b)(3) Motion to Dismiss Labonte's claims against it in Illinois for improper venue. The Court dismissed the action without prejudice, concluding that a forum selection clause included in the parties' purchase and sale invoices required them to litigate their dispute in Boone County, Illinois, only. After an attempt to settle the pending Colorado federal court action failed, Snow Performance cited the Illinois federal court's order and moved to lift the stay and for a ruling on its fully briefed motion to remand the Colorado action to El Pase County.

I GRANT the Motion to Lift Stay (Doc. 32) but DENY the Motion for Remand

(Doc. 15). While I agree the Labonte Defendants's Notice of Removal was inadequate on its face to confer removal jurisdiction on this court, I find the affidavit attached to its Response to the Motion to Remand, in which Daniel Labonte attests that the value of his businesses and the amount of his profits which are the subject of Snow's claims for unjust enrichment exceed $75,000, is sufficient to establish the jurisdictional prerequisite. Given that no basis would be served by sending this case back to El Paso County other than to facilitate the tactical maneuvering that has marked this case from its inception, I decline to do so.

Defendants shall have to and including September 24 in which to answer or otherwise respond to Snow's Complaint. Note that it is my intention to grant the Illinois district court's interpretation of the parties' forum selection clause full faith and credit.

Dated September 9, 2008.	BY THE COURT:

	s/John L. Kane
	SENIOR U.S. DISTRICT JUDGE